## 31309. BROOKS v. WILLIAMS.

GUNTER, Justice.

Plaintiff-appellant brought an action in Liberty Superior Court to set aside a Probate Court judgment that had appointed defendant-appellee administrator of an unrepresented estate in which the appellant had an interest. The complaint alleged that the appellee was not entitled to appointment by the Probate Court in that he did not come within any of "the categories enumerated in Georgia Code Ann. Sec. 113-1202." The complaint also alleged a due process violation in that the appellant had no notice or service of the Probate Court proceedings that led to the appointment of the appellee as administrator of the estate. The appellee filed responsive pleadings in which these allegations of the complaint were denied, and he also filed a motion to dismiss the complaint. The trial judge entered a judgment that dismissed the complaint with prejudice. His judgment recited that it was entered "upon the consideration of the pleadings and examination of the records of the Court of Probate." The appellant has come here for review of this judgment of dismissal.

1. The appellant's procedural due process claim is without merit. Georgia law provides that the Probate Court shall give notice of the proposed appointment of an administrator of an unrepresented estate by publication of a citation once a week for four weeks. Code Ann. § 113-1212. No other notice to or service upon possible interested parties is legally required. We hold that no other notice or service is required, because the mere appointment of a personal representative by the Probate Court of an unrepresented estate does not in any way constitute a deprivation of property to any person under the Due Process Clauses of the Georgia or Federal Constitution.

2. However, the dismissal of the complaint in this case on motion was erroneous. The complaint alleged that the appellee was not eligible for appointment under the statutory provision cited. This allegation was merely denied in the response of the appellee. This created a fact issue that the trial judge apparently resolved by examining the records relating to the matter in the Probate Court. The Probate Court records are not part of the record in the trial court and are not a part of the record on appeal to this court. Therefore, the trial court's resolution of the fact issue was in the nature of the issuance of a summary judgment without evidence being submitted and included in the record. Also, the appellant was not procedurally accorded an opportunity to refute whatever evidence, relied on by the trial judge, that appeared from his examination of the Probate Court records relating to the matter.

We merely hold that the trial court committed error in entering judgment dismissing the complaint on the basis of the motion to dismiss by the appellee contained in this record.

*Judgment reversed. All the Justices concur.*

ARGUED JULY 13, 1976 — DECIDED OCTOBER 19, 1976.

*Hill, Jones & Farrington, Bobby L. Hill, George P. Shingler,* for appellant.

*A. G. Wells, Jr.,* for appellee.